**REVISED**

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 97-20603

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GRIOUARD V BUTLER,

Defendant - Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
_____

March 27, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Griouard Butler challenges his sentence on the grounds that the Mandatory Victim Restitution Act of 1996 ("MVRA") violates the Fifth Amendment, the Eighth Amendment, and the separation of powers doctrine. To the extent that Butler's Fifth and Eighth Amendment claims depend on his speculation that he will be imprisoned because of his indigence, they are premature and not ripe for review; Butler does not assert that he has suffered or is about to suffer such punishment. _See United States v. Williams_, 128 F.3d 1239,

1242 (8th Cir. 1997) (rejecting Eighth Amendment challenge to MVRA as not ripe). To the extent that Butler claims his sentence))168 months incarceration, a $5,000 fine, and $8,879 in restitution))is disproportionate and excessive in relation to the three bank robberies for which he was convicted, his claim is without merit. *See United States v. Dean*, 949 F. Supp. 782, 786 (D. Or. 1996) ("Where the amount of restitution is geared directly to the amount of the victim's loss caused by the defendant's illegal activity, proportionality is already built into the order."); *see also United States v. Tencer*, 107 F.3d 1120, 1135-36 & n.7 (5th Cir.) ("An order of restitution must be limited to losses caused by the specific conduct underlying the offense of conviction."), *cert. denied*, 118 S. Ct. 390 (1997).

Butler's claim that the mandatory imposition of full restitution violates the separation of powers doctrine is similarly without merit. *See United States v. Rasco*, 123 F.3d 222, 226 (5th Cir. 1997) ("The power to fix sentences rests ultimately with the legislative, not the judicial branch of the government and thus the mandatory nature of the punishment . . . does not violate the doctrine of separation of powers."), *cert. denied*, 118 S. Ct. 868 (1998). Accordingly, Butler's sentence is AFFIRMED.